[No. B195938. Second Dist., Div. Six. Dec. 10, 2007.]

KLARE RICHARDSON-TUNNELL, Plaintiff and Appellant, v.
SCHOOLS INSURANCE PROGRAM FOR EMPLOYEES (SIPE) et al.,
Defendants and Respondents.

## Counsel

Law Office of Daniel J. O'Neill and Daniel J. O'Neill for Plaintiff and Appellant.

Cumberland, Coates & Duenow, David M. Cumberland, Greg A. Coates and Kevin R. Anderson for Defendants and Respondents.

## Opinion

**COFFEE, J.**—Klare Richardson-Tunnell appeals from a judgment of dismissal after an order granting judgment on the pleadings in favor of Schools Insurance Program for Employees (SIPE) and Lucia Mar Unified School District (District), each public entities. (Code Civ. Proc., § 438.) In the course of an investigation into Richardson-Tunnell's workers' compensation claim, SIPE and the District videotaped her at her wedding, at the wedding reception, and during her honeymoon.

The trial court found that her claims were barred by governmental investigatory immunity (Gov. Code, § 821.6),[1] and that a plaintiff may not sue for damages based on violation of the privacy clause of article I, section 1 of the California Constitution. Richardson-Tunnell contends (1) that SIPE and the District waived governmental immunity by failing to plead it, (2) that governmental immunity does not apply to the alleged conduct, (3) that Civil Code section 1708.8 provides an exception to governmental immunity, and (4) that monetary damages are available for violation of constitutionally protected privacy. We reject the first three contentions, and do not reach the fourth. Accordingly, we affirm.

### Factual and Procedural History

We set forth the facts as they are alleged in Richardson-Tunnell's third amended complaint. Richardson-Tunnel was a teacher employed by the District. SIPE is a joint insurance organization that administers workers' compensation claims for the District. Richardson-Tunnell suffered a back injury at work, and in June of 2003 she underwent disc replacement surgery. She was married in October of 2003, while on disability leave.

SIPE and the District, with other defendants, directed Anthony Esparza and Eye-Con Investigations (Esparza) to surreptitiously attend Richardson-Tunnel's wedding for the purpose of videotaping her. On the day of the wedding, Esparza misrepresented himself as an invited guest and videotaped the ceremony and the reception. The wedding and reception were held at the Victorian Pitkin-Conrow House in Arroyo Grande, which Richardson-Tunnel had rented for her exclusive use. On the morning after the wedding, Esparza used a telephoto lens to videotape Richardson-Tunnel and her husband while they sunbathed on the second-floor balcony of their rented room at the Cliffs Resort. Esparza also videotaped the honeymooners as they left the hotel, and he followed them through Cambria, California. SIPE and the District do not dispute that Richardson-Tunnell had a right to privacy at her wedding ceremony, reception and honeymoon. Richardson-Tunnel does not dispute that SIPE and the District are public entities.

Richardson-Tunnell filed suit against SIPE, the District, Anthony Esparza, Eye-Con Investigations, and others, asserting four causes of action: (1) violation of her constitutional right to privacy, (2) violation of Civil Code section 1708.8, (3) general negligence, and (4) invasion of privacy—intrusion. She sought compensatory damages, treble damages pursuant to Civil Code section 1708.8, and punitive damages. SIPE and the District moved for judgment on the pleadings. The court granted their motion without leave to amend and dismissed all causes of action against SIPE and District.

---

[1] All statutory references are to the Government Code unless otherwise stated.

*Standard of Review*

A motion for judgment on the pleadings serves the function of a demurrer, challenging only defects on the face of the complaint. (*Cloud v. Northrop Grumman Corp.* (1998) 67 Cal.App.4th 995, 999 [79 Cal.Rptr.2d 544].) On review, we render our independent judgment on the question whether the complaint states a cause of action. (*Gerawan Farming, Inc. v. Lyons* (2000) 24 Cal.4th 468, 515 [101 Cal.Rptr.2d 470, 12 P.3d 720].) We assume the truth of all material factual allegations of the complaint. (*Fisher v. City of Berkeley* (1984) 37 Cal.3d 644, 679, fn. 31 [209 Cal.Rptr. 682, 693 P.2d 261].) "In view of the fact that tort causes of action against public entities are now based on statute, the general rule that statutory causes of action must be pleaded with particularity is applicable. Every fact essential to the existence of statutory liability must be pleaded." (*Susman v. City of Los Angeles* (1969) 269 Cal.App.2d 803, 809 [75 Cal.Rptr. 240].)

The grounds for a motion for judgment on the pleadings must appear on the face of the complaint or from a matter of which the court may take judicial notice. (Code Civ. Proc., § 438, subd. (d).) On July 13, 2007, we granted SIPE and District's request for judicial notice of (1) the legislative history of Civil Code section 1708.8, and (2) voter information regarding Proposition 11 in 1972 and Proposition 7 in 1974.

*Government Tort Liability*

■ SIPE and the District are each public entities. A public entity is not liable for any injury "[e]xcept as otherwise provided by statute." (§ 815, subd. (a).) Any statutory liability is subject to statutory immunity. (§ 815, subd. (b).) A public entity is not liable for conduct by an employee for which that employee is immune. (§ 815.2, subd. (b).) A public employee is immune from liability for instituting or prosecuting judicial or administrative proceedings. (§ 821.6.)

*SIPE and District Did Not Waive Section 821.6 Immunity*

■ We reject Richardson-Tunnell's contention that SIPE and the District waived governmental immunity by failing to assert it in their answer to the complaint. Government tort immunity is jurisdictional and may be raised for the first time on appeal. (*Kemmerer v. County of Fresno* (1988) 200 Cal.App.3d 1426, 1435 [246 Cal.Rptr. 609].) SIPE and District timely asserted immunity as a defense by raising it as a ground for their motion for judgment on the pleadings.

*The Alleged Conduct Is Within the Scope of Government
Code Section 821.6 Immunity*

■ Richardson-Tunnell contends that the alleged conduct of SIPE and District employees is not within the scope of section 821.6 because they intended to harass her, their conduct was not part of a criminal investigation or disciplinary action, and they acted outside the scope of employment. We disagree.

■ Government tort immunity applies to intentional tortious conduct unless the immunity statute provides otherwise. (*Gates v. Superior Court* (1995) 32 Cal.App.4th 481, 510 [38 Cal.Rptr.2d 489].) Section 821.6 provides that "A public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, even if he acts maliciously and without probable cause."
■ "California courts construe section 821.6 broadly in furtherance of its purpose to protect public employees in the performance of their prosecutorial duties from the threat of harassment through civil suits." (*Gillan v. City of San Marino* (2007) 147 Cal.App.4th 1033, 1048 [55 Cal.Rptr.3d 158].)

■ Investigations are considered to be part of judicial and administrative proceedings for purposes of section 821.6 immunity. (*Kemmerer v. County of Fresno, supra,* 200 Cal.App.3d at pp. 1436–1437.) Investigation of Richardson-Tunnel's workers' compensation claim is the sole purpose of the surveillance that can be inferred from the allegations of the complaint. An investigation is cloaked in immunity because it is an essential step to instituting administrative proceedings. (*Ibid.*) Richardson-Tunnell alleges that the administrators of her workers' compensation claim trespassed and invaded her privacy in the course of their investigatory surveillance. Their investigatory conduct is immune from tort liability. Immunity extends to investigations even if there is a later decision not to institute administrative proceedings or to initiate a prosecution. (*Ingram v. Flippo* (1999) 74 Cal.App.4th 1280, 1293 [89 Cal.Rptr.2d 60].)

■ The alleged conduct was within the scope of public employment. Section 821.6 immunity applies only to conduct within the scope of employment. An employee is acting in the course and scope of his employment when he is engaged in work he was employed to perform, or when the act is incident to his duty and is performed for the benefit of his employer, not to serve his own purposes or convenience. (*Mazzola v. Feinstein* (1984) 154 Cal.App.3d 305, 311 [201 Cal.Rptr. 148].) Scope of employment is ordinarily a question of fact for the jury (*Mary M. v. City of Los Angeles* (1991) 54 Cal.3d 202, 221 [285 Cal.Rptr. 99, 814 P.2d 1341]), but where only one reasonable inference can be drawn we may decide the question as a matter of

law. (*Fowler v. Howell* (1996) 42 Cal.App.4th 1746, 1751 [50 Cal.Rptr.2d 484].) Richardson-Tunnel's complaint alleges that SIPE and the District "directed, solicited, induced or caused" the surveillance. The only reasonable inference to be drawn from these allegations is that the surveillance was incident to investigatory duties for the benefit of SIPE and the District, and was not for any individual public employee's own purposes. Whether the investigatory duties were carried out negligently, maliciously, or without probable cause, they were within the scope of employment for purposes of section 821.6. (*Baughman v. State of California* (1995) 38 Cal.App.4th 182, 192 [45 Cal.Rptr.2d 82].) In any case, if surveillance was conducted outside the course and scope of employment or by nonemployees, section 815.2 would not impose any liability upon SIPE and the District.

*Civil Code Section 1708.8 Does Not Provide an Exception
to the Immunity Afforded by Government Code Section 821.6*

Richardson-Tunnell contends that Civil Code section 1708.8 creates an exception to governmental investigatory immunity. Section 1708.8 was introduced in 1998 as Senate Bill No. 262. It was enacted in September of that year to protect against the "aggressive and often dangerous paparazzi-like behavior" of tabloid journalists. (Sen. Rules Com., Off. of Sen. Floor Analyses, 3d reading analysis of Sen. Bill No. 262 (1997–1998 Reg. Sess.) as amended Aug. 18, 1998.) In the year preceding its enactment, Lady Diana, Princess of Wales, had been killed in a paparazzi auto chase, and the public became increasingly outraged about intrusive tabloid journalism. (See *Shulman v. Group W Productions, Inc.* (1998) 18 Cal.4th 200 [74 Cal.Rptr.2d 843, 955 P.2d 469].)[2] Section 1708.8 imposes liability for an invasion of privacy with the intent to capture a visual image, sound recording or other physical impression of the plaintiff engaging in a personal or familial activity. As a remedy, it provides treble damages as well as disgorgement of profits. (*Id.*, subd. (d).)

Civil Code section 1708.8 is outside the Tort Claims Act. "[T]he general rule is that the governmental immunity will override a liability created by a statute outside of the Tort Claims Act." (*Gates v. Superior Court, supra,* 32 Cal.App.4th at p. 510.) Thus, section 821.6 will override liability created by Civil Code section 1708.8, absent an expression of legislative intent to the contrary. Richardson-Tunnell argues the reverse, citing *Gillan v.*

---

[2] In *Shulman,* an accident victim's statements to emergency personnel were surreptitiously recorded by a flight nurse on a medical evacuation helicopter and then broadcast in an episode of the television series *On Scene: Emergency Response.* (*Shulman v. Group W Productions, Inc., supra,* 18 Cal.4th at p. 209.)

*City of San Marino, supra,* 147 Cal.App.4th 1033. That case is inapposite. In *Gillan,* the plaintiff asserted a claim for false arrest pursuant to Civil Code section 52.1. The *Gillan* court held that section 821.6 immunity did not override section 52.1 liability because the Tort Claims Act specifically authorized an action for false arrest against a public employee. (Gov. Code, § 820.4; *Gillan,* at pp. 1048–1049.)  ▮  In our case, no provision of the Tort Claims Act authorizes an action for invasion of privacy against a public employee.

"[C]ourts which have considered the effect of Tort Claims Act immunity on legislatively adopted statutory causes of action have always characterized the question as one of legislative intent." (*Gates v. Superior Court, supra,* 32 Cal.App.4th at p. 510.) Nothing in Civil Code section 1708.8 or its legislative history evidences any intent to create new government liability. We first look to the language of the statute, which specifically exempts a broad array of public and private investigations, including otherwise lawful governmental investigations: "This section shall not be construed to impair or limit any otherwise lawful activities of law enforcement personnel or employees of governmental agencies or other entities, either public or private who, in the course and scope of their employment, and supported by an articulable suspicion, attempt to capture any type of visual image, sound recording, or other physical impression of a person during an investigation, surveillance, or monitoring of any conduct to obtain evidence of suspected illegal activity, the suspected violation of any administrative rule or regulation, a suspected fraudulent insurance claim, or any other suspected fraudulent conduct or activity involving a violation of law or pattern of business practices adversely affecting the public health or safety." (Civ. Code, § 1708.8, subd. (g).)

The legislative history of Civil Code section 1708.8 also demonstrates intent to preserve governmental immunities. An early legislative analysis for the Assembly Committee on Judiciary stated, "[T]his bill: [¶] . . . [¶] 4) Specifically exempts legitimate law enforcement and other governmental agency activities from the scope of these causes of action." (Assem. Com. on Judiciary, Analysis of Sen. Bill No. 262 (1997–1998 Reg. Sess.) as amended July 23, 1998.) Similarly, a Senate third reading analysis stated, "[T]his bill: [¶] . . . [¶] Specifically exempts from the scope of these causes of action lawful activities of law enforcement of other governmental agencies or other entities, public or private, designed to obtain evidence of suspected illegal activity or insurance fraud." (Sen. Rules Com., Off. of Sen. Floor Analyses, 3d reading analysis of Sen. Bill No. 262 (1997–1998 Reg. Sess.) as amended Aug. 20, 1998.)

■ Richardson-Tunnell argues that Civil Code section 1708.8, subdivision (g) demonstrates a legislative intent to create liability for government investigations that are not supported by an "articulable suspicion." The plain language of subdivision (g) does not support this interpretation. It is an exemption provision and does not create any new liability: "This section shall not be construed to impair or limit any otherwise lawful activities . . . ." When section 1708.8 was enacted, governmental immunity already existed for investigations incident to judicial and administrative proceedings. Whether such investigations also fall within subdivision (g) of section 1708.8's exemption provision is immaterial.

■ Government Code section 821.6 and Civil Code section 1708.8 are not in conflict. Even if they were, section 821.6 would control. Section 821.6 is a specific statute that provides immunity to public employees that are engaged in prosecutorial and investigatory activities. Civil Code section 1708.8 is a general statute that creates liability against all persons engaged in paparazzi-like activities. A more specific statute prevails over a more general statute. (Code Civ. Proc., § 1859.) This is true even if the more general statute is more recent. (*Agricultural Labor Relations Bd. v. Superior Court* (1976) 16 Cal.3d 392, 420 [128 Cal.Rptr. 183, 546 P.2d 687].) The specific immunity statute controls.

■ The legislative history also does not support Richardson-Tunnell's interpretation. After the "articulable suspicion" language was added to Senate Bill No. 262 in August of 1998, legislative analysts continued to describe the bill as "Exempt[ing] from the scope of these causes of action lawful activities of law enforcement of other governmental agencies or other entities, public or private, designed to obtain evidence of suspected illegal activity, insurance fraud, or a pattern of business practices which adversely affect the health or safety of the public." (Sen. Rules Com., Off. of Sen. Floor Analyses, 3d reading analysis of Sen. Bill No. 262 (1997–1998 Reg. Sess.) as amended Aug. 18, 1998; accord, Sen. Rules Com., Off. of Sen. Floor Analyses, 3d reading analysis of Sen. Bill No. 262 (1997–1998 Reg. Sess.) as amended Aug. 20, 1998; Sen. Rules Com., Off. of Sen. Floor Analyses, Unfinished Business, analysis of Sen. Bill No. 262 (1997–1998 Reg. Sess.) as amended Aug. 20, 1998.) There is no reference after the amendment to the "articulable suspicion" language, to any new governmental liability, nor to limitation of preexisting governmental immunities. We conclude that the exemption provision of Civil Code section 1708.8, subdivision (g) cannot be construed to impose liability upon a public entity where section 821.6 specifically affords immunity.

*Tort Damages for Invasion of Constitutionally Protected*
*Privacy*

Injunctive relief is available as a remedy for violation of the privacy clause of the California Constitution (*White v. Davis* (1975) 13 Cal.3d 757 [120 Cal.Rptr. 94, 533 P.2d 222]), but Richardson-Tunnell seeks only damages. The trial court found that Richardson-Tunnell could not state a cause of action for damages for violation of the privacy clause. Our Supreme Court has not yet considered whether violation of the privacy clause permits an action for damages. (*Katzberg v. Regents of University of California* (2002) 29 Cal.4th 300, 313, fn. 13, 315, fn. 16 [127 Cal.Rptr.2d 482, 58 P.3d 339].) We need not resolve the question. Whether or not damages are permitted, Richardson-Tunnell cannot state a cause of action for violation of the privacy clause because the alleged conduct is within the scope of section 821.6 immunity.

The constitutional right to privacy does not limit the scope of a preexisting statutory immunity. Richardson-Tunnell argues that section 821.6 immunity does not apply to invasion of privacy because statutory immunities do not defeat liability for invasions of constitutional rights. For this she relies upon a dissenting opinion in *Gates v. Superior Court, supra*, 32 Cal.App.4th 481, 526 (dis. opn. of Grignon, J.) and upon *Urbaniak v. Newton* (1991) 226 Cal.App.3d 1128, 1141 [277 Cal.Rptr. 354]. *Urbaniak* involved the litigation privilege of Civil Code section 47. Its holding is contrary to the recent decision of the Supreme Court that "the litigation privilege applies even to a constitutionally based privacy cause of action." (*Jacob B. v. County of Shasta* (2007) 40 Cal.4th 948, 961 [56 Cal.Rptr.3d 477, 154 P.3d 1003].) In *Jacob B.* the Court reasoned that "we are not aware of anything in the ballot materials or history of the 1972 initiative that added the constitutional right to privacy that suggested any intent to limit the scope of this preexisting privilege or to create a right of privacy that would prevail over the privilege. Rather, as we explain, we believe the constitutional right contains within it a limitation previously based on statute. When the voters adopted California Constitution, article I, section 1, they did so mindful of the preexisting litigation privilege." (*Ibid.*) We assume the voters were similarly mindful of preexisting governmental tort immunities.

The voter information materials for the 1972 initiative demonstrate the intent to restrain "governmental snooping" and compilation of "cradle to grave" "dossiers of American citizens." (Ballot Pamp., Gen. Elec. (Nov. 7, 1972) text of Prop. 11, p. 26.) The restraint on governmental snooping is accomplished by the availability of injunctive relief for invasion of privacy. (*White v. Davis, supra*, 13 Cal.3d 757.) Government tort liability for damages for otherwise immune conduct was not an intended result.

The judgment is affirmed. Costs are awarded to respondents.

Yegan, Acting P. J., and Perren, J., concurred.

A petition for a rehearing was denied January 9, 2008, and appellant's petition for review by the Supreme Court was denied February 27, 2008, S160094. George, C. J., and Corrigan, J., did not participate therein.