Filed 2/22/16  Coleman v. County of Los Angeles CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| ARTHUR COLEMAN,<br><br>        Plaintiff and Appellant,<br><br>        v.<br><br>COUNTY OF LOS ANGELES,<br><br>        Defendant and Respondent | B260969<br><br>(Los Angeles County<br>Super. Ct. No. BC525764) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Michael Johnson, Judge.  Affirmed.

Arthur Coleman, in pro. per., for Plaintiff and Appellant.

Nelson & Fulton, Henry Patrick Nelson and Elise H. Hur for Defendant and Respondent.

## INTRODUCTION

Plaintiff Arthur Coleman appeals from a judgment entered in favor of Defendant, the County of Los Angeles (the County), after the trial court sustained the County's demurrer without leave to amend. Plaintiff's operative first amended complaint charged the County with a variety of civil violations related to criminal charges filed against Plaintiff by the district attorney that were later dismissed. The trial court held the County was immune from liability for injuries allegedly caused by the district attorney's erroneous filing of criminal charges. We agree with the court's conclusion and affirm.

## FACTS AND PROCEDURAL HISTORY

In his operative first amended complaint, Plaintiff alleged he was wrongly arrested and charged for failing to register as a sex offender. The charges were ultimately dismissed at a preliminary hearing after it was shown that the complaints had been based on false information. Based on the foregoing allegations, Plaintiff asserted the following purported causes of action against the County and its employees: (1) false accusation; (2) false imprisonment; (3) perjury; (4) conspiracy; (5) collateral estoppel; (6) res judicata; (7) malicious prosecution; (8) gross negligence; (9) respondeat superior; (10) equal protection violation; (11) corruption; and (12) false indictment.

The County responded with a general demurrer, in which it argued it was immune, as a public entity, from liability for injuries caused by the district attorney's filing of criminal charges.

Plaintiff's opposition did not address the County's prosecutorial immunity. Instead, Plaintiff argued only that the criminal proceedings were improper.

The trial court sustained the demurrer without leave to amend, concluding the County was immune from liability as a matter of law to the extent Plaintiff's claims were based on the district attorney's initiation of a judicial proceeding against Plaintiff. Plaintiff now appeals the resulting judgment.

**DISCUSSION**

On review of a judgment of dismissal after an order sustaining a demurrer, "we examine the complaint de novo to determine whether it alleges facts sufficient to state a cause of action under any legal theory, such facts being assumed true for this purpose." (*McCall v. PacifiCare of Cal., Inc.* (2001) 25 Cal.4th 412, 415.) "When a demurrer is sustained without leave to amend, we also must decide whether there is a reasonable possibility that the defect can be cured by amendment." (*Koszdin v. State Comp. Ins. Fund* (2010) 186 Cal.App.4th 480, 487.) "The plaintiff bears the burden of proving there is a reasonable possibility of amendment. . . . [¶] To satisfy that burden on appeal, a plaintiff 'must show in what manner he can amend his complaint and how that amendment will change the legal effect of his pleading.' " (*Rakestraw v. California Physicians' Service* (2000) 81 Cal.App.4th 39, 43-44.)

The County is a public entity, immune from liability for all injuries arising out of an act or omission of a public employee, "[e]xcept as otherwise provided by statute." (Gov. Code, § 815, subd. (a).) Although Government Code section 815.2, subdivision (a) creates public entity liability for injuries "proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would . . . have given rise to a cause of action against that employee or his personal representative," subdivision (b) expressly provides that "a public entity is not liable for an injury resulting from an act or omission of an employee of the public entity where the employee is immune from liability."

The foregoing immunity extends to the conduct of the district attorney's office and injuries allegedly caused by discretionary decisions made by the public prosecutor in his or her official capacity. Government Code section 821.6 provides, "A public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, even if he acts maliciously and without probable cause." Because a public prosecutor is immune from liability for injuries caused by the filing of criminal charges, even if the charges are filed maliciously or

3

without probable cause, the public entity that employs the prosecutor is likewise immune from liability for such injuries. (Gov. Code, § 815.2, subd. (b).)

Plaintiff's complaint seeks to hold the County liable for injuries allegedly caused by the district attorney erroneously charging Plaintiff with failing to register as a sex offender. Because the alleged injuries stemmed from the "instituting or prosecuting [of] [a] judicial . . . proceeding within the scope of [the district attorney's] employment," the district attorney and his employer, the County, are immune from civil liability. (Gov. Code, §§ 821.6 & 815.2, subd. (b).) The trial court properly sustained the County's demurrer on this basis.

As for the decision to deny leave to amend, because Plaintiff's lawsuit seeks to impose civil liability on a public entity, Plaintiff was required to identify a statutory basis for his suit against the County and to articulate facts he would allege to establish liability under the statute. (See Gov. Code, § 815, subd. (a); *Richardson-Tunnell v. Schools Ins. Program for Employees* (*SIPE*) (2007) 157 Cal.App.4th 1056, 1061 [" 'In view of the fact that tort causes of action against public entities are now based on statute, the general rule that statutory causes of action must be pleaded with particularity is applicable. Every fact essential to the existence of statutory liability must be pleaded.' "].) Plaintiff did not meet this burden in the trial court, and he has not met it in his briefs to this court either.[1] The trial court did not abuse its discretion by denying further leave to amend.

---

[1] Plaintiff contends "res judicata" and "collateral estoppel" are "statutes that provide liability . . . as an exception" to public entity immunity. (Capitalization omitted.) This is incorrect. Res judicata and collateral estoppel are judicial doctrines that give preclusive effect to final judgments in subsequent actions asserting the same claims or raising the same factual issues that were resolved on the merits by the prior judgment. (See *Mycogen Corp. v. Monsanto Co.* (2002) 28 Cal.4th 888, 896.) These are not statutory exceptions to the immunity conferred on public entities by Government Code section 815.

## DISPOSITION

The judgment is affirmed.  The County of Los Angeles is entitled to its costs.


**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**



JONES, J.[*]

We concur:



EDMON, P. J.



ALDRICH, J.

---

[*]    Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.