Filed 12/31/15  Heier v. Wells Fargo Bank CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| CYNTHIA HEIER as Trustee, etc.,<br><br>　　　Plaintiff and Appellant,<br><br>v.<br><br>WELLS FARGO BANK, N.A.,<br><br>　　　Defendant and Respondent. | A140847<br><br>(Contra Costa County<br>Super. Ct. No. MSC-13-01070) |

　　　Cynthia Heier, as Trustee for the Cynthia S. Heier Living Trust (Heier in her individual capacity and as trustee of the trust is hereafter referred to collectively and severally as Heier), filed a first amended complaint (FAC) with seven causes of action against Wells Fargo Bank, N.A. for damages arising from an alleged wrongful foreclosure.  Wells Fargo's demurrer was sustained without leave to amend, and Heier appealed from the judgment of dismissal.

　　　The appeal challenges the sustaining of the demurrer as to three of the seven causes of action:  wrongful foreclosure, violation of Civil Code section 2924.11, and violation of Business and Professions Code section 17200.  The arguments as to these causes of action lack merit and we affirm the judgment.

## I.  BACKGROUND

　　　In August 2003, Heier's father, Bernard Heier, borrowed $444,000 from World Savings Bank, which changed its name to Wachovia Bank and eventually merged with Wells Fargo. The loan was secured by a deed of trust on the property at 61 Paradise Lane

in Pleasant Hill.  In March 2004, Bernard transferred title to the property to Heier, and in March 2012, Heier transferred title to the Cynthia S. Heier Living Trust.

In September 2008, Heier stopped making payments on the loan.  The complaint alleges that Wells Fargo denied Heier a loan modification in March 2012 because the owner of the property was " 'not an actual living person.' "  It also alleges that Wells Fargo denied Heier's request for additional documentation supporting the denial.

In August 2012, Cal-Western Reconveyance Corporation (CWRC), as agent for Wells Fargo, recorded a notice of default against the property stating that the unpaid balance of the loan was $150,336.58 .  In November 2012, CWRC recorded a notice of trustee's sale of the property for December.

Attached to the FAC is an April 15, 2013 letter Heier's counsel wrote Wells Fargo to "formally appeal the loan modification decision."  The letter stated that Heier had received several letters denying the modification, each of which gave different reasons for the denial.  A March 21, 2013 letter stated that the modification was denied because " 'the borrower on the loan or owner of the property is a legal business entity, not an actual living person.' "  A March 22 letter stated that the modification was denied because Heier had " 'excessive financial obligations.' "  A March 25 letter stated that " 'after careful consideration of your situation, we are unable to proceed with the modification request at this time.' "  On April 29,Wells Fargo responded in a letter addressed to "Bernard Heier Deceased."  This letter, also attached to the FAC, stated:  "After carefully reviewing your documentation supporting your appeal request, we have determined that you still do not meet the requirements of a loan modification."

Heier filed this lawsuit the next month.

## II.  DISCUSSION

A.  Scope of Review

We review an order sustaining a demurrer de novo to determine whether the complaint states facts sufficient to constitute a cause of action.  (*Bower v. AT & T Mobility, LLC* (2011) 196 Cal.App.4th 1545, 1552; *Stanton Road Associates v. Pacific Employers Ins. Co.* (1995) 36 Cal.App.4th 333, 341 (*Stanton Road*).)  We construe the

complaint "liberally . . . with a view to substantial justice between the parties" (Code Civ. Proc., § 452) and treat it " ' "as admitting all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law. [Citation.] We also consider matters which may be judicially noticed." [Citation.] Further, we give the complaint a reasonable interpretation, reading it as a whole and its parts in their context.' " (*Stanton Road*, *supra*, 36 Cal.App.4th at p. 340; *Jager v. County of Alameda* (1992) 8 Cal.App.4th 294, 296–297.) When the court sustains a demurrer without leave to amend, " 'we decide whether there is a reasonable possibility that the defect can be cured by amendment: if it can be, the trial court has abused its discretion and we reverse; if not, there has been no abuse of discretion and we affirm. [Citations.] The burden of proving such reasonable possibility is squarely on the plaintiff.' [Citations.]" (*Stanton Road*, *supra*, at p. 341.)

B. Wrongful Foreclosure

Heier's cause of action for wrongful foreclosure alleges that Wells Fargo does not have authority to foreclose. Although Wells Fargo appears to have obtained its interest in the note and deed of trust simply through corporate succession by virtue of its merger with Wachovia Bank, the FAC alleges that the loan was securitized and Wells Fargo did not obtain a proper assignment of the note and deed of trust. The complaint describes the process of securitization in which mortgage backed securitized trusts are created and governed by pooling and servicing agreements (PSAs). The complaint states that such trusts have "a closing date, which is the date that the individual mortgages are transferred to the trust custodian, who must certify . . . that for each mortgage, the custodian has a mortgage note endorsed in blank, and proof that the ownership of the note has been transferred." The complaint alleges that: "[t]he note was sold, transferred and securitized[;]" "no documents or records can be produced that demonstrate that prior to the closing date, the Deed of Trust was duly assigned, transferred and delivered, including all intervening assignments [;]" and "even if the Deed of Trust had been transferred into the Trust by the closing date, the transaction is still void as the Note would not have been transferred according to the requirements of the PSA, since the PSA

3

requires a complete and unbroken chain of transfers and assignments to and from each intervening party."

Heier relies on *Glaski v. Bank of America* (2013) 218 Cal.App.4th 1079, 1092-1097 (*Glaski*), which held that a cause of action for wrongful foreclosure could be stated with the foregoing allegations in the FAC. However, the holding in *Glaski* is an outlier. In *Davies v. Deutsche Bank Nat. Trust Co.* (9th Cir. Mar. 24, 2014, No. 12-600003) [2014 U.S.App.LEXIS 5416, pp. **3–4], the court held that the borrower had no standing to argue that the lender lacked authority to foreclose because of violations of a PSA. The borrower "cannot challenge violations of the pooling and servicing agreement. We recognize that California courts have divided over this issue. But the weight of authority holds that debtors in Davies' shoes—who are not parties to the pooling and servicing agreements—cannot challenge them. [Citations.] We believe the California Supreme Court, if confronted with this issue, would so hold." (*Id.* at p. ** 4.)

We disagree with *Glaski* and agree with the court in *Jenkins v. JP Morgan Chase Bank, N.A.* (2013) 216 Cal.App.4th 497, 515, that "[a]s an unrelated third party to the alleged securitization, and any other subsequent transfers of the beneficial interest under [a] promissory note, [a borrower] lacks standing to enforce any agreements, including the investment trust's pooling and servicing agreement, relating to such transactions. Furthermore, even if any subsequent transfers of the promissory note were invalid, [plaintiff] is not the victim of such invalid transfers because [her] obligations under the note remain unchanged." As the court in *Snell v. Deutsche Bank Nat. Trust Co.* (E.D.Cal. Jan. 29, 2014, No. 2:13-cv-02178-MCE-DAD) [2014 U.S.Dist.LEXIS 11122, p. *13], has observed, "[n]umerous courts have subsequently expressed their disagreement with *Glaski* and have continued to follow the *Jenkins* approach."

Moreover, a plaintiff asserting wrongful foreclosure is required to show that the alleged imperfection in the foreclosure process was prejudicial to his or her interest. (*Fontenot v. Wells Fargo Bank, N.A.* (2011) 198 Cal.App.4th 256, 272 (*Fontenot*).) Here, as in *Fontenot*, Heier has not identified any plausible harm she suffered as a result of any defect in the alleged securitization process. Heier's FAC alleges that "this

4

unlawful, improper and oppressive method of attempting to securitize the Trust has caused the value of her Home to significantly decrease, and has, in effect, caused Plaintiff to lose either all or a substantial part of the equity they (*sic*) would have created in the Home after making payments." However, it is not apparent how a lender's ineffective attempt to securitize a loan obligation could adversely affect the value of a borrower's property.

Accordingly, the demurrer to the wrongful foreclosure cause of action was correctly sustained without leave to amend.

C.  Violation of Civil Code Section 2924.11

The FAC alleges that Wells Fargo violated Civil Code section 2924.11, subdivision (b), which is quoted as providing: "Following the denial of a first lien loan modification application, the mortgage servicer shall send a written notice to the borrower identifying with specificity the reasons for the denial and shall include a statement that the borrower may obtain additional documentation supporting the denial decision upon written request to the mortgage servicer." We reject this argument because this statute will not take effect until January 1, 2018. (Stats. 2012, ch. 86, § 15; Stats. 2012, ch. 87, § 15.) It cannot apply to events that occurred in 2013.

D.  Violation of Business and Professions Code Section 17200

Business and Professions Code section 17200 prohibits "any unlawful, unfair or fraudulent business act or practice." Heier argues that she pleaded viable allegations of unlawful and unfair acts on the part of Wells Fargo. The only such acts indentified in her briefs involved Wells Fargo's authority to foreclose, "engaging in dual tracking by initiating foreclosure proceedings on Appellant's Home while at the same time reviewing her for a loss mitigation loan modification," and "engaging in bad faith tactics by refusing to provide Appellant a resolution to the loan modification review process." As we have said, Heier has no standing to challenge Wells Fargo's authority to foreclose on the grounds she alleges. The record shows that Wells Fargo provided her "a resolution to the loan modification review process" when it denied her appeal of its adverse decision. Heier cites no authority indicating that the "dual tracking" of which she complains was

5

unlawful. She has established no ground to reverse the sustaining of the demurrer on the Business and Professions Code section 17200 cause of action.

E. Leave to Amend

Heier argues that the court abused its discretion when it sustained the demurrer without leave to amend. She argues that leave to amend should have been granted so she "could clarify her arguments and be afforded sufficient time to conduct discovery." But a viable cause of action is a prerequisite to discovery, and Heier identifies no new facts that would provide a sufficient basis for liability. Nor is a complaint the place to clarify legal arguments. (*Stanton Road*, *supra*, 36 Cal.App.4th at p. 340 [complaint's conclusions of law are not accepted for purposes of a demurrer].)

### III. DISPOSITION

The judgment is affirmed.

_____
Siggins, J.

We concur:


_____
McGuiness, P.J.


_____
Jenkins, J.

*Heier v. Wells Fargo Bank*, A140847