Filed 2/16/16  Larson v. Barber CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| HARVEY EUGENE LARSON, | D067668 |
| Plaintiff and Appellant, | |
| v. | (Super. Ct. No. 37-2013-00031367-CU-ON-CTL) |
| MARK BARBER et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of San Diego County, Timothy B. Taylor, Judge.  Affirmed.

Harvey Eugene Larson, in pro. per., for Plaintiff and Appellant.

McDougal, Love, Eckis, Boehmer & Foley and Margaret A. Gregory for Defendant and Respondent Mark Barber.

Thomas Montgomery, County Counsel, Morris G. Hill, Carra L. Rhamy and Erica R. Cortez, Deputy County Counsel, for Defendants and Respondents Paul J. Pfingst and Genaro Ramirez.

In April 2000 a jury convicted Harvey Eugene Larson of resisting an executive officer and exhibiting a deadly weapon to a police officer to resist arrest. (Pen. Code, §§ 69, 417.8.) In 2002 this Court affirmed Larson's conviction. (*People v. Larson* (Feb. 08, 2002, D035935) (*Larson I*).)

Now, some 13 years after his conviction, Larson has sued Mark Barber, the police officer who arrested him; Paul Pfingst, who was district attorney when Larson was tried; and Genaro Ramirez, the deputy district attorney who prosecuted the case, for alleged "legal malpractice" and false imprisonment. The trial court sustained demurrers without leave to amend.

Larson appeals, contending the court (1) should have filed his motion for default judgment rather than sustaining demurrers; (2) incorrectly sustained the demurrers; and (3) abused its discretion in denying leave to amend. Larson's reply brief states, "Appellant is still false[ly] imprisoned by respondents and bogus rulings of criminal courts" and "requests that the Court release him from custody."

We affirm. Larson's claims are precluded by prosecutorial immunity under Government Code[1] section 821.6 and by his standing conviction. (See *Susag v. City of Lake Forest* (2002) 94 Cal.App.4th 1401, 1412-1413 (*Susag*).) Larson cannot collaterally attack his criminal conviction through a civil case.

---

[1]     Hereafter, all statutory references are to the Government Code unless otherwise specified.

2

I.

FACTUAL AND PROCEDURAL BACKGROUND

A.    *Larson's Criminal Conviction and Postconviction Challenges*

In April 2000 a jury convicted Larson of resisting an executive officer and exhibiting a deadly weapon to a police officer to resist arrest.  (Pen. Code, §§ 69, 417.8.)  The jury found true allegations that Larson personally used a deadly and dangerous weapon in resisting the officer.  (Pen. Code, § 12022, subd. (b)(1).)  After Larson admitted he had suffered one serious felony prior conviction, three serious/violent felony prior convictions and three prior prison term convictions, the court sentenced him to an indeterminate prison term of 34 years to life.  (*Larson I*, *supra*, D035935.)  In 2002 this Court affirmed Larson's conviction, rejecting his claims the court erroneously denied his pretrial request to represent himself and committed instructional error.  (*Ibid.*)

Larson has unsuccessfully challenged this conviction and sentence in numerous petitions for a writ of habeas corpus in state and federal courts:  *In re Larson* (Aug. 13, 2004, D044749); *In re Larson* (Jan. 29, 2009, D054184); *In re Larson* (Feb. 11, 2009, S164455); *Larson v. Carrasco* (S.D.Cal., Aug. 23, 2010, Civ. No. 09-cv-745-L(PCL)) 2010 U.S. Dist. Lexis 86448 (habeas petition remanded to consider equitable tolling issue); *Larson v. Carrasco* (S.D.Cal., Dec. 27, 2010, Civ. No. 09-cv-745-L(PCL)) 2010 U.S. Dist. Lexis 137876; *Larson v. Carrasco* (S.D.Cal., Feb. 25, 2011, Civ. No. 09-cv-745-L(PCL)) 2011 U.S. Dist. Lexis 18547; *In re Larson* (Oct. 11, 2011, D060609); *In re Larson* (Mar. 14, 2012, S198485); *In re Larson* (Sept. 21, 2012, D062576); *Larson v. Carrasco* (S.D.Cal., Feb. 28, 2013, Civ. No. 09-cv-745-L(PCL))

3

2013 U.S. Dist. Lexis 27901; *Larson v. Carrasco* (S.D.Cal., Mar. 25, 2013, Civ. No. 09-cv-745-L(PCL)) 2013 U.S. Dist. Lexis 42003.

Additionally, in 2014, this Court affirmed an order and judgment rejecting Larson's petition for sentence recall under the Three Strikes law (Pen. Code, § 1170.126). (*People v. Larson* (Apr. 2, 2014, D063899).)

B.      *Larson's Other Prison Litigation*

Larson's litigiousness goes well beyond challenging the conviction that underlies the instant appeal.  He is also the plaintiff in these other cases, all of which have been denied, dismissed, or otherwise determined to lack merit:  *Larson v. Runnels* (E.D.Cal., Jan. 25, 2008, No. 2:06-cv-1413 ALA P) 2008 U.S. Dist. Lexis 5604 (asserting his 8th and 14th Amend. rights have been violated because of a ban on tobacco products in prison—dismissed); *Larson v. Gonzales* (E.D.Cal., Oct. 15, 2008, No. CV F 08 0740 AWI WMW PC) 2008 U.S. Dist. Lexis 81555 (claiming he is illegally housed in administrative segregation—claims denied, action dismissed unless Larson pays $350 filing fee); *Larson v. Runnels* (E.D.Cal., Sept. 14, 2007, No. CIV S-06-1934 FCD GGH P) 2007 U.S. Dist. Lexis 71024, at p. *4 (alleging when prison is on lockdown, the food is served cold and the court should lift the ban on tobacco, but offering to " 'keep quiet' " about the cold food if tobacco ban is lifted— dismissed, with leave to amend); *Larson v. Schwarzenegger* (E.D.Cal., Oct. 31, 2006, No. CIV S-06-0940 GEB GGH P) 2006 U.S. Dist. Lexis 79444 (alleging denial of due process under 14th Amend. to be allowed to smoke tobacco in prison—magistrate recommends dismissal); *Larson v. Patton* (E.D.Cal., Sept. 5, 2007,

4

No. CIV S-07-1043 FCD JFM P) 2007 U.S. Dist. Lexis 65418 (alleging constitutional rights violated by defendants' refusal to reassign him from building porter to clerical work in prison—magistrate recommends dismissal); *Larson v. McDonald* (E.D.Cal., July 22, 2008, No. CIV S-07-1955 JAM GGH P) 2008 U.S. Dist. Lexis 56022 (alleging he was improperly transferred from High Desert State Prison to the California Correctional Institution—magistrate recommends dismissal); *Larson v. Runnels* (E.D.Cal., Mar. 1, 2007, No. CIV S-06-2094 FCD KJM P) 2007 U.S. Dist. Lexis 19287, at pp. *3-*4 (dismissing his complaint because it is "so vague and conclusory" that it "fails to state a claim for relief"); *Larson v. Runnels* (E.D.Cal., Dec. 21, 2007, No. CIV S-07-0806 FCD DAD P) 2007 U.S. Dist. Lexis 93906, at pp.*5-*6 (alleging his 8th and 14th Amend. rights violated by failing to begin process of recalling his commitment because of his "exceptional behavior" demonstrating he would be "a positive asset to the community" as evidenced by his design for an electric powered police car—magistrate recommends dismissal); *Larson v. Doe* (E.D.Cal., Oct 23, 2007, No. CIV S-07-0664 LKK KJM P) 2007 U.S. Dist. Lexis 81123 (alleging defendants have ignored a doctor's recommendation that he be placed in a prison with specific mental health treatment options—dismissed with leave to amend); *Larson v. McDonald* (E.D.Cal., Dec. 10, 2007, No. CIV S-07-1955 LEW GGH P) 2007 U.S. Dist. Lexis 95792 (alleging he is being transferred to a new prison because of misconduct of others—dismissed with leave to amend); *Larson v. McDonald* (E.D.Cal., Jan. 8, 2009, No. 2:07-cv-01955-HDM-RAM) 2009 U.S. Dist. Lexis 946 (alleging for the first time he is a drug addict who requires drug treatment program and defendants have transferred

him to a facility that does not have such program—dismissed); *Larson v. Runnels* (E.D.Cal., Dec. 21, 2006, No. CIV S-06-1413-MCE-CMK-P) 2006 U.S. Dist. Lexis 94676, at p. *4 (" 'Motion for Default Judgment' " denied); *Larson v. Runnels* (E.D.Cal., May 2, 2007, No. CIV S-06-1985 LKK KJM P) 2007 U.S. Dist. Lexis 36271, at pp. *3-*4 ("court finds the complaint to be too vague to determine whether the current action is frivolous," but appears to complain about the processing of his mail—dismissed with leave to amend); *Larson v. Runnels* (E.D.Cal., Oct. 10, 2008, No. CIV S-06-1794 GEB DAD P) 2008 U.S. Dist. Lexis 116583, at p. *5 ("allegations in plaintiff's complaint are barely legible and are so vague and conclusory that the court is unable to determine whether the current action is frivolous or fails to state a claim for relief"—dismissed with leave to amend); *Larson v. Runnels* (E.D.Cal., Oct. 23, 2009, No. 2:06-CV-01794 ODW) 2009 U.S. Dist. Lexis 105518 (alleging stolen package from prison mail system—dismissed with leave to amend).

On December 28, 2015, the Superior Court of San Diego County issued an order declaring Larson a vexatious litigant, entering a prefiling order, and requiring plaintiff to furnish security. (*Larson v. Judge David J. Danielsen* (Super. Ct. San Diego County, 2015, No. 37-2015-00013940-CU-PN-CTL).) On January 8, 2016, this Court summarily denied Larson's petition for a writ of mandate/prohibition challenging that order. (*Larson v. Superior Court* (Jan. 8, 2016, No. D069536).)

6

C.    *Larson Sues Barber, Pfingst, and Others*

In January 2013, while self-represented and incarcerated, Larson filed a complaint against Barber, Pfingst, Ramirez and others.[2]  Larson alleges "legal malpractice" and false imprisonment arising from his arrest and subsequent conviction in 2000 for resisting an executive officer and exhibiting a deadly weapon to a police officer to resist arrest.  Larson's complaint alleges he is falsely imprisoned and a "police arrest false report [*sic*]" was not signed under oath.  Larson also alleges there was insufficient evidence of probable cause for his arrest and detainment.  He further alleges that he took a lie detector test, which was " 'inconclusive,' " but with one more " 'point' " to the right, it would have been scored " 'truth.' "  Larson alleges he offered to take another "stipulated lie detector examination," but the court would not allow lie detector evidence to be shown at trial.  He alleges there was no probable cause for his arrest, and he was not charged by complaint or indictment.

D.    *Demurrers*

Pfingst, Ramirez, and Barber filed demurrers to Larson's complaint.  Pfingst and Ramirez asserted prosecutors do not owe a duty of care to criminal defendants, and even if they did, a district attorney (and deputy district attorney) are immune from liability for instituting or prosecuting any judicial proceeding under section 821.6.  Pfingst and Ramirez also argued that Larson's "own allegations affirmatively show that he was

---

2      Larson did not serve any other defendants.

imprisoned under 'due forms of law,' " which therefore precludes liability for false imprisonment.

Barber, represented by separate counsel, made essentially the same arguments, citing *Heck v. Humphrey* (1994) 512 U.S. 477 (*Heck*) and *Yount v. City of Sacramento* (2008) 43 Cal.4th 885 (*Yount*) for the proposition that Larson's standing conviction barred his false imprisonment claims. Larson filed tardy oppositions to both demurrers.

E.      *The Court Sustains the Demurrers Without Leave to Amend*

The court sustained the demurrers, stating, "[Larson]'s claim of false imprisonment is belied by the absence of any allegation in the complaint that his conviction has been reversed, invalidated, or expunged . . . and . . . section 821.6 provides immunity from liability for injury caused by instituting or prosecuting any judicial proceeding within the scope of employment, even if the employee acts maliciously and without probable cause." On March 13, 2015, the court entered judgment against Larson. This appeal followed.

## II.

## DISCUSSION

A.      *Larson's Noncompliance with Rules of Court*

California Rules of Court,[3] rule 8.204(a)(1)(B) provides that each brief must "[s]tate each point under a separate heading or subheading summarizing the point, and support each point by argument and, if possible, by citation of authority . . . ." An

---

[3]     All subsequent rule references are to the California Rules of Court.

appellant's headings must "take the form of propositions, which if sustained would lend substantial support to appellant's request for a reversal." (*Lady v. Worthingham* (1942) 55 Cal.App.2d 396, 397.)  The reason for this rule is to assist the court and counsel in identifying and responding to specific assertions of trial court error.  These rules apply to Larson even though he is self-represented.  In a civil case, a party may choose to act as his or her attorney, and he or she is entitled to the same, but no greater, consideration than that afforded to other litigants and attorneys.  Larson, representing himself, is not entitled to any special or lenient treatment.  (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984-985.)

The headings in Larson's brief are:  "Overview and Procedural Posture," "Applicable Standards," "Request for Judicial Notice," and "Discussion and Ruling."  None of these headings denotes or describes a cognizable issue on appeal.  Larson's brief is mostly a stream of consciousness recital of alleged facts and scattered legal arguments.

We are not compelled to sort through Larson's brief to try to select those claims that are not separately captioned but seem worthy of comment.  Nor will we undertake to fashion viable arguments for Larson from his numerous comments about the rulings or evidence that led to his criminal conviction.  Although in light of Larson's violation of rule 8.204 we could deem all issues waived or forfeited, we address the issues as we best discern them.  However, if we have overlooked an argument buried or lurking in Larson's brief under a topic heading that does not identify an argument, the issue is deemed forfeited or waived.  (*Opdyk v. California Horse Racing Bd.* (1995) 34 Cal.App.4th 1826,

9

1830, fn. 4 ["The failure to head an argument as required by . . . rule [8.204(a)(1)(B)] constitutes a waiver."].)

B. *The Clerk Properly Refused to File Larson's Motion for Default Judgment*

1. *Procedural Background*

On November 14, 2014, Larson served the summons and complaint on Pfingst, and on November 18, 2014, on Barber. Larson did not serve any other defendants.

On December 23, 2014 (39 days after service), County Counsel filed a demurrer on behalf of Pfingst.

On January 22, 2015 (65 days after service), Barber's attorneys filed his demurrer.

On February 13, 2015, County Counsel also filed a demurrer on behalf of Ramirez.

Meanwhile, after Pfingst's demurrer was filed, Larson sent a self-drafted document entitled "Motion for Default Judgment" to the court clerk on December 30, 2014, and again apparently sent the same document for filing on January 15, 2015.

On January 9, 2015, in a document entitled "Notice to Filing Party," the clerk returned Larson's Motion for Default Judgment, stating, "Your motion is not set and is being returned in light of Defendant's appearance via Demurrer . . . ."

Larson contends the clerk should have filed his Motion for Default Judgment because (1) "[s]ummons show default judgment may be granted if defendant does not respond in 30 days[,]" and (2) "[j]udgment if defendant fails to answer complaint."

10

2.    *Analysis*

Larson's arguments fail for at least two reasons.  First, even after 30 days have expired, if no default yet has been entered, a defendant may file a responsive pleading to a complaint.  The court clerk cannot refuse to accept the responsive pleading for filing merely because the time to respond has expired.  (*Goddard v. Pollock* (1974) 37 Cal.App.3d 137, 141.)  Moreover, contrary to Larson's assertions, a responsive pleading includes not only an answer, but also a demurrer.  (Code Civ. Proc., § 585, subd. (a).)  Here, Pfingst filed his demurrer before Larson attempted to file his Motion for Default Judgment.

Second, even if Larson's Motion for Default Judgment had been submitted for filing before any demurrer was filed, and even if it were construed as a request for entry of default (as distinguished from request for entry of default *judgment*), the court would have been required to reject it because Larson did not use the *mandatory* Judicial Council form for requesting entry of default.

The California Constitution gives the Judicial Council of California the power to "adopt rules for court administration, practice and procedure."  (Cal. Const., art. VI, § 6, subd. (d).)  The Judicial Council has adopted a rule making the use of certain forms mandatory.  (Rule 1.31; § 68511.)  The "Request for Entry of Default (Application to Enter Default)," form No. CIV-100, is mandatory.  (Rule 1.31(b) & (c); see Cal. Rules of Court, appen. A, Judicial Council Legal Forms List.)  The form may be found online at: <www.courts.ca.gov/forms> [as of Feb. 11, 2016].

11

Larson did not use the mandatory Judicial Council form. Use of the mandatory form for requesting entry of default is important because in addition to containing information used to indicate whether it is being used to enter a default or a default judgment (a distinction Larson's self-drafted document ignores and confuses), the mandatory form also contains sections that must be filled out in certain circumstances to comply with statutory requirements. For example, if the form is to be used to request entry of default, the plaintiff must fill out a declaration under Code of Civil Procedure section 585.5, something Larson's self-drafted document does not contain.[4]

Because Larson failed to use the mandatory Judicial Council form, the court clerk lacked authority to file Larson's fatally defective and improper request to enter default judgment. Therefore, the clerk properly rejected his Motion for Default Judgment for filing.

C.    *The Court Properly Sustained the Demurrers Without Leave to Amend*

    1.    *Standard of Review*

An order sustaining a demurrer is reviewed de novo. " 'We treat the demurrer as admitting all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law. [Citation.] We also consider matters which may be judicially noticed.' [Citation.] Further, we give the complaint a reasonable interpretation, reading it

---

[4]    Code of Civil Procedure section 585.5, subdivision (a) states: "Every application to enter default under subdivision (a) of Section 585 shall include, or be accompanied by, an affidavit stating facts showing that the action is or is not subject to Section 1812.10 or 2984.4 of the Civil Code or subdivision (b) of Section 395."

as a whole and its parts in their context. [Citation.] When a demurrer is sustained, we determine whether the complaint states facts sufficient to constitute a cause of action. [Citation.] And when it is sustained without leave to amend, we decide whether there is a reasonable possibility that the defect can be cured by amendment: if it can be, the trial court has abused its discretion and we reverse; if not, there has been no abuse of discretion and we affirm. [Citations.] The burden of proving such reasonable possibility is squarely on the plaintiff." (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.)

2. *Negligence Claims Barred by Immunity*

"A public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, even if he acts maliciously and without probable cause." (§ 821.6.) " 'California courts construe section 821.6 broadly in furtherance of its purpose to protect public employees in the performance of their prosecutorial duties from the threat of harassment through civil suits.' " (*Richardson-Tunnell v. School Ins. Program for Employees* (*SIPE*) (2007) 157 Cal.App.4th 1056, 1062 (*Richardson-Tunnell*).)

Section 821.6 immunity applies to a public prosecutor. (*Miller v. Filter* (2007) 150 Cal.App.4th 652, 666.) "The immunity is absolute, applying even if the prosecutor 'acts maliciously and without probable cause' [citations], such as by concealing exculpatory evidence [citations]." (*Ibid.*) Section 821.6 also applies to police officers. (*Asgari v. City of Los Angeles* (1997) 15 Cal.4th 744, 757.)

Section 821.6 not only protects against claims for malicious prosecution, but also bars actions for negligence. (*Amylou R. v. County of Riverside* (1994) 28 Cal.App.4th

13

1205, 1210-1211 [police officers investigating crime immune from liability for negligent infliction of emotional distress]; *Kayfetz v. State of California* (1984) 156 Cal.App.3d 491, 497 [collecting cases].)

"The test of immunity is not the timing of the offending conduct but whether there is a causal relationship between the act and the prosecution process. Thus, if the act is taken as part of the process, it is protected by the immunity in section 821.6." (*County of Los Angeles v. Superior Court* (2009) 181 Cal.App.4th 218, 229.) Although immunity under section 821.6 is broad, it does not bar an action for false arrest or false imprisonment. (*Sullivan v. County of Los Angeles* (1974) 12 Cal.3d 710, 719-720.)

Because the purpose of section 821.6 is to allow the efficient functioning of the criminal justice system by enabling public employees to do their jobs without threat of civil lawsuits, courts have applied section 821.6 at the pleading stage to reject attempts to impose liability for a wide variety of causes of action arising out of criminal or administrative investigations. (E.g., *Richardson-Tunnell*, *supra*, 157 Cal.App.4th 1056 [judgment on the pleadings]; *Jager v. County of Alameda* (1992) 8 Cal.App.4th 294 [demurrer].)

Here, Larson alleges the police and prosecutors lied, fabricated evidence, and would not allow Larson to present exculpatory evidence. In his brief, Larson asserts Barber "committed perjury" and the "results of a stipulated lie detector examination were not considered" at his trial.

Because the acts of misconduct Larson alleges and argues were *all* part of the prosecution of the crimes of which he was charged, the conduct is absolutely immune

14

under section 821.6 and the court properly sustained the demurrer to Larson's first cause of action.

3. *Larson's Conviction Bars His False Imprisonment Claims*

In *Heck*, the United States Supreme Court considered whether a state prisoner may challenge the constitutionality of his conviction in a suit for damages under title 42 United States Code section 1983. (*Heck*, *supra*, 512 U.S. at p. 478.) Noting that title 42 United States Code section 1983 created a species of tort liability, *Heck* recognized that "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." (*Heck*, at p. 486.) The Court therefore held that "when a state prisoner seeks damages in a [title 42 United States Code section] 1983 suit, the [trial] court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." (*Heck*, at p. 487; see *Beets v. County of Los Angeles* (2011) 200 Cal.App.4th 916, 923.)

In *Susag*, *supra*, 94 Cal.App.4th 1401, this Court applied the *Heck* rule to claims under both title 42 United States Code section 1983 and related state tort law. Susag was convicted of resisting arrest. (*Susag*, at p. 1406.) After he was convicted, Susag filed a civil action alleging, among other things, false imprisonment, arising from the same incident that led to his conviction. (*Id.* at p. 1407.) This Court noted an essential element of resisting arrest is that the officer must be engaged in the lawful performance of his or her duties. (*Id.* at p. 1409.) Thus, Susag's civil claims, if proven, would necessarily

15

imply the invalidity of his conviction for resisting arrest by an officer. Accordingly, this Court determined Susag's state law claims were barred. (*Id.* at p. 1412.) Moreover, several public policy concerns compelled that result—Susag could not profit from his own illegal act and should bear the sole responsibility for the consequences of his act, and a determination contrary to the result in the criminal proceedings would engender disrespect for the courts and discredit the administration of justice. (*Ibid.*)

Later, in *Yount*, the California Supreme Court confirmed that the *Heck* analysis applies equally to a plaintiff's claims under both title 42 United States Code section 1983 and analogous state tort law. (*Yount*, *supra*, 43 Cal.4th at p. 902.)

Under these authorities, the relevant question here is whether success in Larson's civil case for false imprisonment would necessarily imply or demonstrate the invalidity of his earlier conviction for resisting an executive officer under Penal Code section 69. If so, the civil claim is barred under *Susag* and *Yount*.

Under California law, the elements of a tortious claim of false imprisonment are: "(1) the nonconsensual, intentional confinement of a person, (2) without lawful privilege, and (3) for an appreciable period of time, however brief." (*Easton v. Sutter Coast Hospital* (2000) 80 Cal.App.4th 485, 496.) The second element, "without lawful privilege," is key here. For Larson to succeed on a false arrest/false imprisonment claim in his civil case, he must establish the defendants did not have a lawful privilege to arrest or imprison him.

However, Larson's conviction under Penal Code section 69 required the prosecution to establish Larson resisted an executive officer *who was engaged in the*

16

*performance of his or her lawful duties.* Lawfulness of the arrest is an essential element of this offense. (See CALCRIM No. 2651 ["To prove that the defendant is guilty of this crime, the People must prove that: [¶] 1. The defendant willfully and unlawfully used (violence/ [or] a threat of violence) to try to (prevent/ [or] deter) an executive officer from performing the officer's *lawful duty*; AND [¶] 2. When the defendant acted, (he/she) intended to (prevent/ [or] deter) the executive officer from performing the officer's *lawful duty*." (Italics added.)].) "[I]t is . . . a 'well-established rule that when a statute makes it a crime to commit any act against a peace officer engaged in the performance of his or her duties, part of the corpus delicti of the offense is that the officer was acting lawfully at the time the offense was committed.' " (*People v. Cruz* (2008) 44 Cal.4th 636, 673.)

Larson's false arrest/false imprisonment cause of action is barred by *Susag*, because if there were to be a finding in his favor on false arrest/imprisonment, such finding necessarily would challenge the validity of his conviction for violating Penal Code section 69. (*Susag*, *supra*, 94 Cal.App.4th at pp. 1409-1410 [action for false imprisonment barred by standing conviction for resisting or obstructing a peace officer].) Because Larson's conviction has not been deemed invalid, his false imprisonment claims fail, and the court properly sustained the demurrers to that cause of action.[5]

---

5    Larson's reliance on *Rezek v. City of Tustin* (C.D.Cal., Feb. 6, 2014, No. SACV 11-1601-DOC (RNBx)) 2014 U.S. Dist. Lexis 15117 for a contrary result is misplaced. Unlike Larson, in *Rezek*, the defendant was acquitted of resisting arrest.

D.       *No Abuse of Discretion in Denying Leave to Amend*

The court denied Larson leave to amend, stating:

"Plaintiff in his tardy opposition requests leave to amend . . . , and it is ordinarily an abuse of discretion to deny such a request unless the inability to state a valid cause of action is clear.  In this respect, plaintiff has the burden to show in what manner he can amend the complaint and how the amendment will change the legal effect of the pleading. . . .  He makes no effort to comply with this requirement.  He fails to articulate how he could amend the complaint and the legal impact of that amendment.  Leave to amend is therefore denied."

Larson contends the court abused its discretion in denying leave to amend because he had proven that "[s]ection 821.6 does not immunize a public employee from liability for false arrest or imprisonment . . . [,] and it follows that under the concept of respondeat superior, a public employer is responsible for the tort of false imprisonment by the conduct of a public employee.  [Citations.]  Appellant requested that the City of El Cajon and County of San Diego are included as defendants or allowed to amend."  (*Sic*.)

The court did not abuse its discretion in denying leave to amend.  As explained, Larson's false imprisonment cause of action is barred by his standing conviction.  Any amendment to name additional public entity defendants under a respondeat superior theory of vicarious liability would be subject to the same fatal bar.  A court does not abuse its discretion in denying leave to amend to assert a claim that is barred as a matter of law.  (*Royalty Carpet Mills, Inc. v. City of Irvine* (2005) 125 Cal.App.4th 1110, 1124.)

DISPOSITION

The judgment is affirmed.  Barber, Pfingst and Ramirez are awarded their costs on

appeal.  (Rule 8.278(a).)


IRION, J.

WE CONCUR:


McINTYRE, Acting P. J.


PRAGER, J.*

---

\*      Judge of the San Diego Superior Court, assigned by the Chief Justice pursuant to
article VI, section 6 of the California Constitution.

19